UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-22748-CIV-ALTONAGA/Reid

**ERIC RIVERA**,

    Petitioner,
v.

**SECRETARY, DEPARTMENT
OF CORRECTIONS, STATE
OF FLORIDA**; *et al.*,

    Respondents.
_____/

### ORDER

On July 24, 2023, Petitioner, Eric Rivera, filed a Petition Under 28 U.S.C. [Section] 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1], challenging the constitutionality of his conviction and sentence entered in the Eleventh Judicial Circuit, Miami-Dade County, in case number 2007-CF-42264. (*See generally id.*). On August 11, 2023, the Court ordered the State to show cause why the Petition should not be granted. (*See* [ECF No. 3]). On September 28, 2023, the State filed its Response [ECF No. 7]; to which Petitioner filed a Reply [ECF No. 17-1].

The Court referred the case to Magistrate Judge Lisette M. Reid for a report and recommendation. (*See* Nov. 22, 2023 Order [ECF No. 20]). On May 21, 2024, the Magistrate Judge entered her Report and Recommendation [ECF No. 21], recommending the Court deny the Petition (*see id.* 1).[1] Petitioner filed Objections [ECF No. 31]; to which the State filed a Response [ECF No. 35]. For the following reasons, the Report and Recommendation is adopted, and the

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Petition is denied.

When a magistrate judge's findings or recommendations have been properly objected to, district courts must review the objected-to findings or recommendations *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3). "Parties filing objections to a magistrate[] [judge's] report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted; alterations added). "In order to challenge the findings and recommendations of the magistrate [judge], a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and *the specific basis for objection*[.]" *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quotation marks omitted; emphasis and alterations added; quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)).

An objection is thus entitled to *de novo* review only if it articulates a legal basis for the objection; merely reasserting a motion "without any reference to the magistrate judge's order or its findings [is] insufficient to convey to the district court the substance of any objection[.]" *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (alterations added; citation omitted). In the absence of timely, specific objections, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 addition (citation omitted).

In her thorough and comprehensive analysis, the Magistrate Judge considered Petitioner's three ineffective-assistance-of-counsel claims: (1) whether Petitioner's constitutional rights were violated by the admission of certain incriminating statements against him (and whether counsel was ineffective in failing to seek suppression of those statements) (*see* Report 3); (2) whether

2

counsel was ineffective in failing to move for a judgment of acquittal on one of the counts against Petitioner (*see id.*); and whether counsel was ineffective in failing to object to a jury instruction given at trial (*see id.*). The Magistrate Judge explained why she did not find any of Petitioner's arguments persuasive in a 24-page Report. (*See generally id.*).

***Insufficient Objections.*** Many of Petitioner's Objections fall into two camps, both of which are insufficient to warrant *de novo* review. First, Petitioner repeatedly declares that he objects to the Magistrate Judge's findings without specifying the "basis for [such] objection[s.]" *Macort*, 208 F. App'x at 783 (alterations added; quotation marks and citation omitted); (*see, e.g.*, Objs. 7 ("Mr. Rivera objects to the recommendation that an evidentiary hearing is not necessary." (citation omitted))). "Merely stating an objection, with nothing more, is insufficient to trigger de novo review." *Flemings v. U.S. Sec. Assocs., Inc.*, No. 18-24861-Civ, 2020 WL 1493468, at *1 (S.D. Fla. Mar. 27, 2020).

Second, many of Petitioner's arguments are simply rehashed versions of arguments presented in prior proceedings. (*Compare, e.g.*, Reply 5–14, *with* Objs. 3–6). In other words, Petitioner asks the Court to conduct the same analysis that a state court and the Magistrate Judge already undertook and reach a different outcome. (*See generally* Report). This is beyond the scope of the Court's review; as the Magistrate Judge wrote, much of the Petition raises only the question of whether the state court "applied clearly established federal law to reasonably determined facts in determining the claim on its merits[.]" (Report 12 (alteration added; citing *Shinn v. Kayer*, 592 U.S. 111, 112 (2020))). If the state court acted reasonably, neither the Court nor the Magistrate Judge should reassess whether the evidence, if considered differently, could support a different conclusion. *See Shinn*, 592 U.S. at 120 ("Federal courts may not disturb the judgments of state courts unless '*each* ground supporting the state court decision is examined and found to be

3

unreasonable.'" (emphasis in original; quotation marks and citation omitted)).

These Objections do not trigger *de novo* review, and the Court discerns no clear error in the portions of the Report to which Petitioner addresses these arguments. *See Macort*, 208 F. App'x at 784 ("If no objection or only partial objection is made [to the magistrate judge's report], the district court judge reviews those unobjected portions for clear error." (alteration in original; quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999))).

***Specific Objections.*** Of Petitioner's remaining Objections, five are addressed below.

First, Petitioner asserts the Magistrate Judge's consideration of Petitioner's prior arrests, in her evaluation of the state court's ruling, was "not appropriate." (Objs. 3). Petitioner appears to argue this was error, as the prior arrests were distinguishable and should not have been used to determine if certain statements by Petitioner were given voluntarily. (*See id.*). This argument does not persuade. To start, as Petitioner recognizes, this portion of the Report was in the alternative to the Magistrate Judge's determination that this argument was procedurally barred. (*See id.*; Report 9). As explained, Petitioner's conclusory challenge to the Report's finding on the procedural bar is not sufficient to trigger *de novo* review of the Magistrate Judge's finding, which was not, in any event, clearly erroneous. (*See* Objs. 2).

Moreover, as the Report explains, the evidence to which Petitioner now objects was first presented at trial, before the state court. The Court agrees with the Magistrate Judge that the state court's conclusion, based on that evidence (including, but not limited to, information about Petitioner's prior arrests) was not erroneous "'beyond any possibility for fair-minded disagreement.'" *Shinn*, 592 U.S. at 112 (citation omitted); (*see also* Report 12). Thus, neither the Magistrate Judge nor the undersigned has cause to revisit it. *See Shinn*, 592 U.S. at 112.

Second, Petitioner objects to the Magistrate Judge's findings that he waived his Fifth and

Sixth Amendment claims by failing to address certain of Respondent's arguments in his Reply. (*See* Objs. 4). Quoting his Reply, Petitioner states "any lack of response [in the Reply] is not a waiver of the previously raised claim and instead, reflects the desire to rely on the argument as previously presented." (*Id.* (alteration added; quoting Reply 1)). This Objection is not well-taken; the Petition — Petitioner's only previous filing — stated only facts concerning his claims, and it is wholly unclear what previously-presented arguments he is invoking. (*See generally* Pet.).

Third, Petitioner argues the Magistrate Judge erred when she found Petitioner's counsel was not deficient for failing to "argue additional point[s]" in his third motion to suppress. (Objs. 4 (alteration added)). While it is not clear what these points are, they appear to be related to the constitutionality of Petitioner's initial stop. (*See* Reply 9). Petitioner's argument before the Magistrate Judge was similarly vague; in his Reply, he stated that his counsel "failed to properly present a motion to suppress" arguing his traffic stop was unconstitutional. (*Id.*).

As the Report notes, however, trial counsel raised at least the argument Petitioner now presents. (*See* Report 15). Neither the vague argument in Petitioner's Reply nor his conclusory Objection that counsel did not raise the issue "in an adequate and legally sufficient manner" is sufficient to show his counsel was ineffective. (Objs. 4) The Court thus agrees with the Magistrate Judge that "Petitioner's argument is meritless." (Report 15).

Fourth, Petitioner asserts the Magistrate Judge erred when she found Petitioner was not prejudiced by his counsel's failure to move for a judgment of acquittal because counsel moved for a new trial. (*See* Objs. 5). Petitioner argues the two motions are "not comparable." (*Id.* 6). But the Magistrate Judge made this finding "[i]n addition" to her finding that a motion for "judgment of acquittal would have been futile" (Report 19 (citation omitted)); and Petitioner does not properly object to that finding (*see* Objs. 5 (pointing simply to "the arguments raised in his respective

pleadings" and arguing "that the opposite finding is true and the record supports such")). The Court thus has no reason to reject or reconsider this portion of the Report.

Fifth, and finally, Petitioner objects to the recommendation that he failed to show he was covered by an exception available to him under *Martinez v. Ryan*, 566 U.S. 1 (2012). (*See* Objs. 7). Petitioner argues that the Magistrate Judge has applied the incorrect standard on this issue. (*See* Objs. 7). Specifically, he objects to the Magistrate Judge's finding that he "failed to make a 'substantial' showing on the merits[,]" arguing that he need only show "some merit[.]" (*Id.* (alterations added; emphasis omitted)). As the Magistrate Judge correctly recounted, however, the Supreme Court has explained that a "substantial" claim is a "claim [that] has some merit" — in other words, both "standards" are the same. (Report 20 (alteration added; quoting *Martinez*, 566 U.S. at 14))). The Magistrate Judge also described additional Eleventh Circuit case law elaborating on this standard. (*See id.* 21 (collecting cases)). She then "applie[d] this standard to Petitioner's claim[.]" (*Id.* (alterations added)).

Here, the Magistrate Judge identified the correct standard — the standard Petitioner argues should apply — and concluded Petitioner's "claim lacks merit[.]" (*Id.* (alteration added)). Petitioner fails to raise a specific objection to the Magistrate Judge's conclusion, and the Court discerns no clear error in it. (*See* Objs. 7 (stating only that Petitioner "has shown throughout his pleadings and the record supports such" finding that his claim was substantial)).

Having reviewed the Report, the record, and the applicable law, the undersigned agrees with the analysis and recommendations in the Report and agrees with the Magistrate Judge's conclusions. Moreover, upon consideration of the record and in agreement with the Magistrate Judge, the Court determines there is no basis on which to order an evidentiary hearing or issue a certificate of appealability. (*See* Report 23–24); 28 U.S.C. § 2253(c)(2).

6

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation **[ECF No. 21]** is **ADOPTED**.

2. The Petition **[ECF No. 1]** is **DENIED**.

3. Petitioner's request for a certificate of appealability is **DENIED**.

4. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 15th day of July, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record